UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

CRA HOLDINGS US, INC. AND SUBSIDIARIES,

                              Plaintiffs,

        v.

UNITED STATES OF AMERICA,

                              Defendant.

———————————————————————

**DECISION
and
ORDER**

**15-CV-239W(F)**

APPEARANCES:        ZERBE FINGERET FRANK & JADAV
                    Attorneys for Plaintiffs
                    JOHN H. DIES,
                    JEFFERSON H. READ,
                    ROBERT G. WONISH, II, of Counsel
                    3009 Post Oak Boulevard, Suite 1700
                    Houston, Texas   77056

                    DAVID A. HUBBERT
                    Acting Assistant Attorney General
                    Tax Division, U.S. Department of Justice
                    Attorney for Defendant
                    JAMES M. STRANDJORD, of Counsel
                    PO Box 55
                    Ben Franklin Station
                    Washington, DC 20044


        In this action seeking a tax refund based on R&D tax credits for Plaintiffs, a

national environmental remediation consulting firm, for tax years 2002 and 2003,

Defendant, by papers filed March 10, 2017 (Dkt. 52) moves to hold Plaintiffs in

contempt and dismiss Plaintiffs' First Amended Complaint (Dkt. 51) ("Defendant's

Second Sanctions motion").  Alternatively, Defendant requests further proceedings for

the action be stayed pending Plaintiffs' compliance with this court's Decision and Order

filed January 26, 2017 (Dkt. 46).  Plaintiffs' Memorandum in Opposition was filed April 3,

2016 (Dkt. 57) ("Plaintiffs' Memorandum"); Defendant's Reply was filed April 7, 2017 (Dkt. 59) ("Defendant's Reply"). Oral argument was deemed unnecessary.

In its January 26, 2017 Decision and Order, the court found Plaintiffs' answers to Defendant's Superseding Interrogatory to be insufficient to enable Defendant to decide on whether to agree to any form of sampling as a means to streamline litigation of the case on the merits. *See* January 26, 2017 D&O, Dkt. 46 at 7; *CRA Holdings US, Inc. v. United States*, 2017 WL 370811, at *2 (W.D.N.Y. Jan. 26, 2017) ("the January 26, 2016 D&O"). The court therefore denied Plaintiffs' request for a self-selected sample limited to 10-12 remediation projects, and, instead, directed the parties to select 40 of the 159 (reduced from 6,100, *see* Dkt. 41 at 1) projects Plaintiffs now base Plaintiffs' claim on as a pilot sample. The court further directed Plaintiffs serve more particularized answers to Defendant's Superseding Interrogatory in order that Defendant could evaluate the content of the project files and whether to agree to any form of sampling in the case. *CRA Holdings US, Inc.*, 2017 370811, at *5. On March 4, 2017, in compliance with the court's direction, Plaintiffs served Plaintiff's Third Amended Objections and Responses To Second Interrogatories To Plaintiff CRA Holdings, Inc. And Subsidiaries (Dkt. 52-3) ("Plaintiffs' Responses").

In its Second Sanctions motion, Defendant contends Plaintiffs' Responses fail to provide answers which are nonevasive and complete as required by Fed.R.Civ.P. 37(a)(4) and as such constitutes a failure to respond to the Superseding Interrogatory warranting sanctions. Defendant's Memorandum at 3. More specifically, Defendant contends Plaintiffs' Responses are as equally generalized as Plaintiffs' prior responses which the court found unsatisfactory in the January 26, 2017 D&O to enable Defendant

to assess the potential efficacy of using sampling in this case, *i.e.*, whether the contents of Plaintiffs' project files have such a variety of peculiar characteristics as to limit the potential usefulness of using a sample. Defendant asserts that a scrutiny of Plaintiffs' Responses to Defendant's Superseding Interrogatories show such responses constitute "highly generic and meaningless answers" in an attempt to establish the remediation project activities to which they relate for each of the 40 pilot sample projects satisfy the requirements of 26 U.S.C. § 41(d)(2)(B) and 26 C.F.R. § 1.41-4(a)(3), (5), necessary to show the related expenses are qualified research expenses ("QREs") and thus a sufficient basis upon which to claim an R&D tax credit. *See* Defendant's Memorandum at 5. Defendant particularly attacks Plaintiffs' Responses as insufficient to either identify the prerequisite for an R&D tax credit of a business component – any product, process, computer software, technique, formula or invention – as defined by 26 U.S.C. 41(d)(2)(B), Defendant's Memorandum at 4, specify the nature of the uncertainty with respect to the related business component encountered, identify the required science, *e.g.*, biology, chemical, or other, on which the project fundamentally relies, or identify the process of experimentation used, and how the results of the experimentation was intended to be useful in the development of a new or improved business function. Defendant's Memorandum at 4. However, even assuming for the sake of analysis only, that none of Plaintiffs' Responses establish Plaintiffs are entitled to claim QREs for any of the 40 pilot sample projects, as Defendant asserts, the purpose of requiring Plaintiffs' Responses at this stage of the case, as the court directed in the January 26, 2016 D&O, was not to enable the parties to adjudicate the merits of Plaintiffs' claims based on the pilot sample project files, but rather to assist the parties and the court in determining

whether a sampling process of some kind should be employed to reduce the 159 projects which Plaintiffs assert qualify for the R&D tax credit to a more manageable number (*e.g.*, 40 = 25% of 159, 16 = 10% of 159) for discovery, summary judgment or trial.

Here, it is apparent that the alleged deficiencies in Plaintiffs' Responses as described in detail by Defendant indicate that Plaintiffs' 159 project files may well lack the more specific information Defendant forcefully contends necessary to support Plaintiffs' claims, but that issue is not before the undersigned at this time. Plaintiffs' Reponses show that, based on 40 project files in the pilot sample, the balance of Plaintiffs' project files is unlikely to provide any further details regarding more information responsive to the Superseding Interrogatory compliant with § 41 and related regulations to support a tax refund based on Plaintiffs' alleged QREs. For example, Plaintiffs' responses related to the 17770 Site Investigation project involving radioactive thorium in downtown Chicago, Ill., state that the business component required for a QRE involved development of a "new process of remediation" and that how such "business component would be developed" was uncertain at the outset. Dkt. 52-1 at 4-5 (referencing Dkt. 57-5 at 17). Yet, Plaintiffs' response with respect to this project fails to provide any indication of the technical nature of the "new process of remediation" Plaintiffs assert comprised such new remediation process as compared to the commonly known remediation techniques of removal, capping, and chemical or biologic neutralization. Similarly, according to Plaintiffs, Plaintiffs' 31603 RAM-Anaconda Mine project involved "development of a new process of remediation[,]" without any explanation of what such new process of remediation conceivably might be, a fact

4

underscored by Plaintiffs' acknowledgement that the "project was not completed by CRA." *See* Dkt. 52-1 at 6 (referencing Dkt. 57-5 at 20). Despite the evident imprecision of Plaintiffs' Responses, Defendant nevertheless fails to explain how greater specificity in Plaintiffs' Responses relative to § 41's criteria is necessary to allow Defendant to discern whether some form of sampling should be used in the case, or not. Accordingly, it appears to the court that, for possible sampling purposes, the population in this case – Plaintiffs' 159 projects – are relatively homogeneous as to their content thereby permitting the use of a smaller sample. *See CRA Holdings US, Inc.*, 2017 WL 370811, at **4-5 (discussing need for larger sample sizes where target population composed of a wide range of material heterogeneous characteristics). Accordingly, the court finds Defendant's Second Sanctions motion is premature and should be DENIED as such without prejudice. *See Longi v. New York*, 363 Fed.Appx. 57, 58 (2d Cir. Jan. 26, 2010 (affirming district court's denial of plaintiff's discovery motions as not abuse of discretion). Instead, the parties are directed to advise the court jointly or individually, <u>within 10 days</u> of this Decision and Order as to their positions regarding the use of some form of sampling in the case upon which the merits of the case shall be determined. Based on these submissions, absent a stipulation which resolves this issue, the court will make its own determination.[1]

In the meantime, Defendant's alternative request (Dkt. 58) to extend the time necessary for further proceedings is GRANTED without opposition. The parties shall

---

[1] By papers filed May 18, 2017, Defendant submitted a Supplement to Defendant's Second Motion for Sanctions (Dkt. 61) which included a recent decision by the District Court for the Southern District of Ohio, *United States v. Dennis F. Quebe and Linda G. Quebe*, 15-CV-294, in which the court found defendants' answer to plaintiff's interrogatories directed to defendants' prior assertions of tax refunds based on alleged R&D tax credits to be insufficiently vague. However, although such issues have some similarity to those raised in this case, the court finds that in as much as the Ohio case addresses such issues on the merits of plaintiff's claims, it is inapposite the question before this court in the present case and Plaintiffs need not respond.

meet and confer and <u>within</u> <u>10</u> <u>days</u> of this Decision and Order and submit jointly or

individually proposed amended scheduling orders governing further proceedings in this

case.

**CONCLUSION**

Based on the foregoing, Defendant's Second Motion for Sanctions (Dkt. 52) is

DENIED without prejudice; Defendant's motion to extend time (Dkt. 58) is GRANTED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:  May 18, 2017
        Buffalo, New York