UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CRA HOLDINGS US, INC. AND SUBSIDIARIES,

                Plaintiffs,

   v.

UNITED STATES OF AMERICA,

                Defendant.

_____

DECISION
and
ORDER

15-CV-239W(F)

APPEARANCES:    ZERBE FINGERET FRANK & JADAV
                         Attorneys for Plaintiffs
                         JOHN H. DIES,
                         JEFFERSON H. READ,
                         ROBERT G. WONISH, II, of Counsel
                         3009 Post Oak Boulevard, Suite 1700
                         Houston, Texas   77056

                         RICHARD E. ZUCKERMAN
                         Principal Deputy Assistant Attorney General
                         Tax Division, U.S. Department of Justice
                         Attorney for Defendant
                         JAMES M. STRANDJORD,
                         Trial Attorney, of Counsel
                         PO Box 55
                         Ben Franklin Station
                         Washington, DC 20044

     In this action seeking a tax refund based on Plaintiffs' asserted R&D tax credits available under 26 U.S.C. § 41 ("§ 41"), Plaintiffs, by papers filed September 19, 2018 (Dkt. 124), request a stay of this court's Decision and Order, filed August 22, 2018 (Dkt. 121) ("the D&O"), granting Defendant's motion to compel answers to two of Defendant's Fourth Set of Interrogatories Nos. 10 and 11, and directing Plaintiffs provide complete answers within 30 days ("Plaintiffs' motion"). Plaintiffs

filed objections to the D&O on September 6, 2018 (Dkt. 122), one day past the 14-day period provided by Fed.R.Civ.P. 72(a).  Defendant's opposition to Plaintiffs' motion also was filed September 19, 2018 (Dkt. 1125); Plaintiffs' Reply was filed September 20, 2018 (Dkt. 126).  Oral argument was deemed unnecessary.

      Granting a stay is within the discretion of the court based upon consideration of the competing interests of and prejudice to the parties and the court.  *Travelers Cas. & Sur. Co. of Am. v. DiPizio Const. Co.*, 103 F.Supp.3d 366, 369 (W.D.N.Y. 2015) (quoting *Volmar Distributors, Inc. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993).  However, where the date by which the event or action ordered to occur or be taken has passed, the request is moot and may be dismissed as such.  *American Rock Salt Co., LLC v. Norfolk Southern Corp.*, 371 F.Supp.2d 358, 360-61 (W.D.N.Y. 2005) (denying as moot defendants' motion to stay magistrate judge's order compelling discovery pending resolution of objections to such order where 30-day period for compliance with order had expired).  Here, Plaintiffs' delayed in requesting the stay of Plaintiffs' compliance with the D&O until two days before expiration of the thirty-day period Plaintiff's amended answers to Defendants' Interrogatories Nos. 10 and 11 were to be served, *i.e.*, September 21, 2018.  Plaintiffs' Reply was, as noted, filed September 20, 2018.  Accordingly, as any stay at this time cannot cure Plaintiffs' apparent failure to comply with the D&O or a timelier request for a stay, Plaintiffs' request is now futile and Plaintiff's motion should be dismissed as moot.

      Alternatively, as Defendant explained with compelling detail, *see* Dkt. 125 at 2-4, the underlying rationale for Plaintiffs' motion that Plaintiffs should be spared the

potentially unnecessary "herculean effort," Dkt. 125 at 2 (quoting Dkt. 124-1 at 2), of reviewing Plaintiffs' voluminous documents to facilitate Plaintiffs' compliance is wholly specious as it is patently inconsistent with Plaintiffs' prior representations to Defendant and the court that the myriad documents Plaintiffs claimed to contain the information responsive to Defendant's interrogatories had been reviewed by Plaintiffs, enabling Plaintiffs to assert Defendant could scrutinize the documents to discern for itself reasonable answers to Defendants' interrogatories (Nos. 10 and 11), at issue in the D&O, which requested that Plaintiffs state which of Plaintiffs' employees involved in the 12 sample projects engaged in qualified research services to qualify for the R&D tax credit and the substantial refunds Plaintiffs seek, and describe the nature of such services.  Plaintiffs refusal to do so is nothing more than a thinly disguised effort to foist onto Defendant the burden of proof and production of evidence to support Plaintiffs' claim instead of coming forward with unambiguous factually-based answers to Defendant's interrogatories as is Plaintiffs' burden under well-established law applicate to R&D tax refunds pursuant to § 41. Additionally, this action has been pending for over three years and has required an inordinate amount of judicial intervention to keep the case on-track and moving toward a reasonably speedy conclusion.  Further delay, especially in light of Plaintiffs' inconsistent representations as to the evidentiary content of Plaintiffs' records, relevant to Defendant's interrogatories at issue, arising from a stay of the D&O is therefore not in the court's nor the parties' interests.  Given Plaintiffs' repeated vouching that the voluminous documents provided to Defendant related to the 12 projects are flush with readily discernible facts fully responsive to

3

Defendant's Interrogatories Nos. 10 and 11, Plaintiffs' assertion that the effort needed to comply with the D&O would involve Plaintiffs in a "herculean effort," Dkt. 125 at 2, rings hollow.  If, on the other hand, such extensive efforts are in fact now required, it presents a self-inflicted problem that fails to warrant the exercise of the court's discretion in Plaintiffs' favor.  Thus, even if Plaintiffs' motion was not moot based on futility, the motion should be denied based on its lack of merit.

## CONCLUSION

Based on the foregoing, Plaintiffs' motion (Dkt. 124) is DISMISSED as moot. SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: September 25th, 2018
    Buffalo, New York