UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CRA HOLDINGS U.S., INC. AND
SUBSIDIARIES,

                Plaintiffs,                **DECISION AND ORDER**

v.                                      1:15-CV-00239 EAW

UNITED STATES OF AMERICA,

                Defendant.
_____

## INTRODUCTION

Plaintiffs CRA Holdings U.S., Inc. and Subsidiaries ("Plaintiffs") commenced the instant action on March 19, 2015, seeking to recover refunds of taxes paid for the 2002 and 2003 tax years. (Dkt. 1). The operative pleading is the First Amended Complaint filed on March 10, 2017. (Dkt. 51).

Currently pending before the Court are the following: (1) Plaintiffs' objections to United States Magistrate Judge Leslie G. Foschio's Decision and Order with respect to defendant the United States of America's ("Defendant") motion to compel (Dkt. 122); (2) Plaintiffs' motion for voluntary partial dismissal (Dkt. 131); (3) Plaintiffs' motion for leave to file a second amended complaint (Dkt. 135); (4) Plaintiffs' motion for leave to file a motion for summary judgment (Dkt. 136); and (5) Defendant's motion to dismiss for lack of jurisdiction (Dkt. 140). For the reasons that follow, the Court denies Plaintiffs' motion for leave to file a second amended complaint, grants in part and denies in part Plaintiffs' motion for voluntary partial dismissal, grants Defendant's motion to dismiss for lack of

- 1 -

jurisdiction, and denies Plaintiffs' objections to Judge Foschio's Decision and Order and Plaintiffs' motion for leave to file a motion for summary judgment as moot.

## BACKGROUND

In their original Complaint, filed on March 19, 2015, Plaintiffs sought a refund of $419,924.00 for the tax year ending September 30, 2002, and a refund of $1,029,402.00 for the tax year ending September 30, 2003, plus interest. (Dkt. 1 at ¶ 15). Plaintiffs alleged that the Internal Revenue Service ("IRS") had improperly rejected their claims for research and development tax credits. (*Id.* at ¶¶ 10-12).

On March 10, 2017, Plaintiffs filed their First Amended Complaint. (Dkt. 51). The First Amended Complaint seeks a refund of $245,077.00 for the tax year ending September 30, 2002, and a refund of $413,066.00 for the tax year ending September 30, 2003, again on the basis that the IRS improperly disallowed Plaintiffs' claimed research and development tax credits. (*Id.* at ¶¶ 10-12, 15).

On October 31, 2017, Plaintiffs filed a Second Amended Complaint. (Dkt. 71). The Second Amended Complaint continued to seek a tax refund of $245,077.00 for the tax year ending September 30, 2002, and a tax refund of $413,066.00 for the tax year ending September 30, 2003, but also added a claim that Plaintiffs are "entitled to . . . tax credits carried back of $204,558 from [the] tax year ending September 30, 2004[.]" (*Id.* at ¶¶ 15-16). Defendant moved to strike the Second Amended Complaint on November 9, 2017, noting that Plaintiffs had not sought or received either leave of court or consent from Defendant to file an amended pleading, as required by Federal Rule of Civil Procedure 15(a)(2). (Dkt. 73). Plaintiffs opposed Defendant's motion to strike (Dkt. 75), but then,

on March 22, 2018, filed a motion for leave to withdraw the Second Amended Complaint without prejudice (Dkt. 97). Defendant did not oppose this motion (Dkt. 101), and it was granted by Judge Foschio on April 11, 2018 (Dkt. 102), thereby confirming that the operative pleading is the First Amended Complaint.

On March 13, 2018, Defendant filed a motion to compel. (Dkt. 95). In particular, Defendant asked the Court to require Plaintiffs to provide more detailed responses to certain of Defendant's interrogatories related to the work various employees performed on projects that Plaintiffs claimed entitled them to research and development tax credits. (Dkt. 95-2). Plaintiffs filed opposition papers to the motion to compel on March 27, 2018, arguing that they had provided reasonable responses to the interrogatories at issue. (Dkt. 99).

On August 22, 2018, Judge Foschio entered a Decision and Order granting Defendant's motion to compel. (Dkt. 120) (the "Motion to Compel D&O"). Judge Foschio found that the interrogatories at issue sought relevant information and that greater specificity was required in Plaintiffs' answers thereto. (*Id.*).

Plaintiffs filed objections to the Motion to Compel D&O on September 6, 2018. (Dkt. 122). Defendant filed its response to Plaintiffs' objections on September 21, 2018. (Dkt. 127).

On September 26, 2018, Plaintiffs filed a motion for voluntary partial dismissal. (Dkt. 131). In particular, Plaintiffs seek to voluntarily dismiss with prejudice their "claim for tax credits generated in tax years 2002 and 2003 and thereby vacating all outstanding orders regar[d]ing the same." (Dkt. 131-1 at 3). However, Plaintiffs' motion for voluntary

partial dismissal states that they are not seeking to dismiss their "claim to refund generating from the 2004 carryback. . . ." (*Id.*).

Defendant filed a response to Plaintiffs' motion for voluntary partial dismissal on October 18, 2018. (Dkt. 133). Defendant states that it does not oppose Plaintiffs' motion "as far as it seeks to dismiss the claims for refund for the 2002 tax year and 2003 tax years in their entirety," but that it does oppose any request by Plaintiffs to "partially dismiss the claim for refund for the 2003 tax year and resurrect the previously withdrawn allegation that they are entitled to a carryback from the 2004 tax year and to vacate the Court's outstanding orders[.]" (*Id.* at 1). Plaintiffs filed a reply regarding their motion for voluntary partial dismissal on October 25, 2018. (Dkt. 134).

On April 9, 2019, Plaintiffs filed a motion for leave to file a second amended complaint (Dkt. 135) and a motion for leave to file a motion for summary judgment (Dkt. 136). Plaintiffs' proposed second amended complaint contains a single claim for "a refund of the full amount of the $199,365 in research tax credits carried back to the tax year 2002 from the tax year 2003."[1] (Dkt. 135-1 at 4). Plaintiffs further filed an "Advisory to the Court" (Dkt. 137), in which they explained that the goal of their filings was to "narrow the scope of this case to a single issue, for which CRA believes summary judgment is not only proper but unassailable. CRA proposes to do this by dismissing all of its claims against

---

[1] Plaintiffs have used varying nomenclature for their claim to a carryback credit. In their motion for partial voluntary dismissal, they refer to the carryback as being from the "2004 tax year" (*see* Dkt. at 2-3), while in the proposed second amended complaint they refer to it as being from the "tax year 2003" (*see* Dkt. 135-1 at ¶ 12). As the carryback at issue is from the tax year ending September 31, 2004 (*see* Dkt. 143 at 1 n.1), the Court refers to it herein as being from the 2004 tax year.

Defendant, except for Plaintiffs' claimed entitlement to a refund of $199,365 for the tax year 2002, the source of which is a carryback of research credits from the tax year 2003[.]" (*Id.* at 1).

Defendant filed papers in opposition to Plaintiffs' motion for leave to file a second amended complaint and Plaintiff's motion for leave to file a motion for summary judgment on April 23, 2019. (Dkt. 138; Dkt. 139). Defendant further filed a motion to dismiss the matter for lack of jurisdiction (Dkt. 140), arguing that Plaintiffs had conceded all claims currently pending before the Court, rendering the matter moot. Plaintiffs filed their response to Defendant's motion to dismiss on May 16, 2019 (Dkt. 142), and Defendant filed a reply on May 21, 2019 (Dkt. 143).

## DISCUSSION

### I. Motion for Leave to File a Second Amended Complaint

Although the procedural history of this matter is somewhat convoluted, the key issue before the Court at this time is relatively straightforward: can Plaintiffs, at this stage of the proceedings, pursue a claim for a refund based on a carryback tax credit from the 2004 tax year? Accordingly, the Court considers first Plaintiffs' motion for leave to file a second amended complaint.

#### A. Legal Standard

"A district court has broad discretion in determining whether to grant leave to amend[.]" *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000). Two provisions of the Federal Rules of Civil Procedure guide the Court's analysis of a motion for leave to amend

where the deadline for such motions, as set forth in a scheduling order, has expired. The first is Rule 15(a)(2), which provides that once the time for leave to amend as of right has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The second is Rule 16(b)(4), which provides that a "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Where, as here, a scheduling order governs amendments to the complaint, . . . the lenient standard under Rule 15(a), which provides leave to amend shall be freely given, must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." *Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009) (quotations and citations omitted).

"In determining whether a movant has satisfied the 'good cause' standard under Rule 16(b), 'the primary consideration is whether the moving party can demonstrate diligence.'" *Charter Commc'ns, Inc. v. Local Union No. 3, Int'l Bhd. of Elec. Workers, AFL-CIO*, 338 F. Supp. 3d 242, 254 (S.D.N.Y. 2018) (quoting *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007)). However, diligence is "not . . . the only consideration. The district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." *Kassner*, 496 F.3d at 244. "[T]he absence of prejudice alone does not constitute good cause under Rule 16." *Gullo v. City of N.Y*, 540 F. App'x 45, 47 (2d Cir. 2013); *see also Smith v. Bradt*, 329 F.R.D. 500, 505 (W.D.N.Y. 2019) (explaining a court cannot find "good

cause" pursuant to Rule 16 solely because the non-moving party will not be prejudiced).

### B. The First Amended Complaint Does Not Contain a Claim for a Refund Based on a Carryback Credit

As a threshold matter, the Court clarifies that, contrary to certain arguments made in Plaintiffs' various submissions (*see, e.g.,* Dkt. 134 at 5-6), the First Amended Complaint—the operative pleading in this matter—does not contain a claim for a carryback credit from the 2004 tax year (or any other tax year). The First Amended Complaint lists six specific reasons why Plaintiffs contend the IRS's determinations regarding their claimed refunds for tax years 2002 and 2003 were erroneous (*see* Dkt. 51 at ¶ 12), none of which makes any reference to a carryback credit. Regardless of whether such a claim was contained in the original Complaint, Plaintiffs are "bound by their existing pleading. . . ." *Fixed Income Shares: Series M v. Citibank N.A.*, 314 F. Supp. 3d 552, 558 (S.D.N.Y. 2018); *see also Ping Tou Bian v. Taylor*, 23 F. App'x 75, 77 (2d Cir. 2001) (explaining that "an amended complaint ordinarily supersedes the original and renders it of no legal effect" (quotation omitted)). Moreover, while Plaintiffs have sometimes (but not consistently) indicated in their submissions that they are seeking a carryback credit from the 2004 tax year, "[i]t is long-standing precedent in this circuit that parties cannot amend their pleadings through issues raised solely in their briefs." *RxUSA Wholesale, Inc. v. Alcon Labs., Inc.*, 661 F. Supp. 2d 218, 233 (E.D.N.Y. 2009) (quotation omitted), *aff'd*, 391 F. App'x 59 (2d Cir. 2010)

Plaintiffs' counsel acknowledged in opposition to Defendant's motion to strike the now-withdrawn Second Amended Complaint that the First Amended Complaint omitted

the claim for a carryback credit. (*See* Dkt. 74 at 4 ("When CRA filed its First Amended Complaint it reduced the claimed refund based on the reduction of the number of projects claimed but it inadvertently left out the portion of the claimed refund which would have been due to the tax credit carryback.")). Plaintiffs' counsel confirmed the omission at a hearing before Judge Foschio on January 10, 2018, stating that inclusion of the claim for a carryback credit had been "overlooked" when the First Amended Complaint was filed, and that this was why the now-withdrawn Second Amended Complaint had been filed. (*See* Dkt. 87 at 91-94). Then, in a memorandum dated February 9, 2018, submitted in response to Defendant's request to modify the governing scheduling order (Dkt. 84), Plaintiffs stated that they intended to "withdraw [the] Second Amended Complaint or file a Third Amended Complaint to clarify that [Plaintiffs are] not seeking the 2004 carryback in addition to the pleaded 2002 and 2003 credits as part of the claimed refunds." (Dkt. 84 at 3). Plaintiffs did subsequently move to withdraw the Second Amended Complaint, and the Court granted that request. (Dkt. 97; Dkt. 102). In a Decision and Order issued on June 12, 2018, Judge Foschio confirmed that Plaintiffs had "agreed to withdraw Plaintiffs' Second Amended Complaint thereby removing [the carryback credit] claim from the case." (Dkt. 113 at 12). On this record, there can be no question that the First Amended Complaint does not assert a claim for a refund based on a carryback credit from tax year 2004 (or any other tax year).

C. **Plaintiffs have Failed to Show Good Cause to Allow Late Amendment**

Because the operative pleading does not contain a claim for a refund based on a carryback credit, the only way Plaintiffs can pursue such a claim at this point is via an amendment. This is what Plaintiffs seek to do in the proposed second amended complaint.

- 8 -

(*See* Dkt. 135-1). However, the deadline for seeking amendment of pleadings in this case expired on October 31, 2017 (*see* Dkt. 70), roughly 18 months before Plaintiffs sought leave to amend. Accordingly, pursuant to Rule 16(b), Plaintiffs are required to show good cause to warrant allowing late amendment. They have failed to do so.

As noted above, the primary consideration in assessing whether good cause exists under Rule 16(b) is whether the party seeking to amend can demonstrate diligence. *See Charter Commc'ns*, 338 F. Supp. 3d at 254; *see also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) ("[A] finding of 'good cause' depends on the diligence of the moving party."). "To satisfy the good cause standard the [moving] party must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met." *Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527, 536 (E.D.N.Y. 2010) (quotation omitted). Accordingly, "the good cause standard is not satisfied when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." *Id.* (quotation omitted).

In this case, there is no dispute that Plaintiffs were aware of all the facts underlying their claim for a refund based on a carryback credit from the 2004 tax year prior to October 31, 2017, the deadline for seeking to amend the pleadings in this matter. As discussed above, Plaintiffs affirmed in open court that they meant to include the carryback credit claim in the First Amended Complaint (which was filed on March 10, 2017), but did not do so as the result of an oversight.[2] Further, Plaintiffs' now-withdrawn Second Amended

---

[2] The alleged inadvertent failure to include this claim in the First Amended Complaint also does not satisfy the good cause standard. "[A]ttorney neglect, carelessness, or

Complaint, which was filed before the deadline to seek amendment of pleadings, contained the carryback credit claim, which is conclusive evidence that Plaintiffs could have sought amendment prior to expiration of the deadline. Plaintiffs cannot satisfy the requirements of Rule 16(b) on this record.

Importantly, nowhere in their moving papers do Plaintiffs even acknowledge Rule 16(b)'s good cause requirement, much less show that it has been satisfied. *See Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 282 F.R.D. 76, 79 (S.D.N.Y. 2012) ("The burden of demonstrating good cause [under Rule 16(b)] rests with the movant."). Plaintiffs offer no explanation for their delay in seeking amendment, or for why they previously represented to the Court that they were "not seeking the 2004 carryback in addition to the pleaded 2002 and 2003 credits as part of the claimed refunds." (Dkt. 84 at 3).

Plaintiffs have vigorously argued the merits of the carryback credit claim (*see* Dkt. 142), and have contended that Defendant cannot "claim any modicum of surprise or prejudice" regarding it (Dkt. 134 at 5). However, Rule 16(b)'s good cause standard does not depend on whether the proposed amendments are meritorious. *See Lehman v. Garfinkle*, No. 08 CIV. 9385 SHS DF, 2013 WL 857739, at *7 (S.D.N.Y. Mar. 7, 2013) (explaining that "even a meritorious claim can be barred" by the failure to comply with a scheduling order), *adopted,* 2013 WL 1501627 (S.D.N.Y. Apr. 12, 2013). Moreover, and

---

oversight is not a sufficient basis for a court to amend a Scheduling Order pursuant to Rule 16(b)." *Lamothe v. Town of Oyster Bay*, No. 08-CV-2078 ADS AKT, 2011 WL 4974804, at *7 (E.D.N.Y. Oct. 19, 2011) (collecting cases).

as noted above, "the absence of prejudice alone does not constitute good cause under Rule 16." *Gullo*, 540 F. App'x at 47. In other words, even accepting Plaintiffs' argument that the carryback credit claim is meritorious and that Defendant is "collaterally estopped" from denying it (*see* Dkt. 142 at 4), that does not change the Court's conclusion that Plaintiffs have not satisfied Rule 16(b)'s good cause standard. Under these circumstances, the Court finds no basis to grant Plaintiffs' belated request to file the proposed second amended complaint.[3] Moreover, the Court's determination that Plaintiffs have not and cannot now assert a claim for a refund based on a carryback credit from the 2004 tax year necessarily moots their request for leave to file a motion for summary judgment as to such a claim.

## II. Plaintiffs' Motion for Voluntary Partial Dismissal

Having determined that (1) Plaintiffs have not currently asserted a claim for a refund based on a carryback credit from the 2004 tax year and (2) Plaintiffs cannot amend their pleadings to assert such a claim at this point in the proceedings, the Court next considers Plaintiffs' motion for voluntary partial dismissal. (Dkt. 131).

---

[3] The Court further notes that Plaintiffs' motion for leave to file a second amended complaint failed to comply with the Court's Local Rules of Civil Procedure. In particular, Local Rule 15(b) provides that the proposed amendments to a pleading must be "identified in the proposed pleading through the use of a word processing 'redline' function or other similar markings that are visible in both electronic and paper format." L. R. Civ. P. 15(b). Plaintiffs did not identify their proposed amendments in this manner. This is an additional ground for denial of Plaintiffs' motion for leave to amend. *See Governale v. Soler*, 319 F.R.D. 79, 82 (E.D.N.Y. 2016) (denying as procedurally improper motion for leave to amend that did not comply with court's local rules).

A.  **Legal Standard**

Plaintiffs seek to "voluntarily dismiss with prejudice to refiling same any claim for refund for tax credits generated in the tax years ending September 30, 2002 and September 30, 2003." (Dkt. 131-1 at 2). Plaintiffs' request is governed by Federal Rule of Civil Procedure 41(a)(2), which provides in relevant part that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).[4] "Rule 41(a)(2) dismissals are at the district court's discretion and will be reviewed only for an abuse of that discretion." *United States v. Cathcart*, 291 F. App'x 360, 361 (2d Cir. 2008). "[T]he presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." *Banco Cent. De Paraguay v. Paraguay Humanitarian Found., Inc.*, No. 01 CIV. 9649 (JFK), 2006 WL 3456521, at *2 (S.D.N.Y. Nov. 30, 2006) (quotation omitted).

B.  **The Court Grants Plaintiffs' Request for Voluntary Dismissal of Their Claim for a Refund based on Tax Credits Generated in the Tax Years Ending September 30, 2002, and September 30, 2003**

As noted above, Plaintiffs have requested permission to voluntarily dismiss, with prejudice, their "claim for refund for tax credits generated in the tax years ending September 30, 2002 and September 30, 2003." (Dkt. 131-1 at 2). The Court sees no reason to deny this request, inasmuch as it will not result in any prejudice to Defendant.

---

[4] Although Rule 41(a)(2) refers to dismissal of an "action," it may be used to dismiss less than the entire case. *See Guigliano v. Danbury Hosp.*, 396 F. Supp. 2d 220, 224 (D. Conn. 2005).

With respect to Defendant's argument that it was improper for Plaintiffs to seek to "resurrect the previously withdrawn allegation that they are entitled to a carryback from the 2004 tax year" (Dkt. 133 at 1), this issue has been mooted by the Court's resolution of Plaintiffs' motion for leave to amend. In other words, while Plaintiffs stated in their motion for voluntary partial dismissal that they "do not seek to di[s]miss in any way Plaintiffs' claim to refund generating from the 2004 carryback" (Dkt. 131-1 at 3), the Court has determined that no such claim is currently pending in this action. Plaintiffs cannot dismiss (or retain) a claim that has not been pled, nor does such an unpleaded claim pose a barrier to granting Plaintiffs' request to voluntarily dismiss claims that are asserted in this matter.

C. **The Court Denies Plaintiffs' Request to Vacate All Outstanding Orders Regarding Their Claim for a Refund based on Tax Credits Generated in the Tax Years Ending September 30, 2002, and September 30, 2003**

Plaintiffs, in connection with their request for voluntary partial dismissal, have asked the Court to vacate "all outstanding orders" regarding their claim for a refund based on tax credits generated in the tax years ending September 30, 2002, and September 30, 2003. (Dkt. 131-1 at 3). Although Plaintiffs have not identified the particular "outstanding orders" to which they are referring, the Court presumes this request is aimed at the Motion to Compel D&O. Plaintiffs have offered no substantive reason why the Motion to Compel D&O should be vacated, and the Court does not find such relief warranted. As Defendant notes, by withdrawing their claim for tax credits generated in the tax years ending September 30, 2002, and September 30, 2003, Plaintiffs have satisfied their outstanding discovery obligations under the Motion to Compel D&O. (*See* Dkt. 133 at 13-14). As

such, Plaintiffs' objections to the Motion to Compel D&O have been mooted. However, the Court sees no reason to vacate the Motion to Compel D&O, since it need not (and does not) reach the merits thereof.

### III. Defendant's Motion to Dismiss for Lack of Jurisdiction

Defendant has asked the Court to dismiss this case, arguing that (1) Plaintiffs have voluntarily withdrawn the claims set forth in the operative pleading and (2) Plaintiffs have not established that they should be permitted to pursue any other claims at this time. As such, Defendant contends the matter has been mooted and the Court lacks jurisdiction.

#### A. Legal Standard

"Pursuant to Article III of the Constitution, [federal courts] have jurisdiction only over live cases and controversies." *ABC, Inc. v. Stewart*, 360 F.3d 90, 97 (2d Cir. 2004). Accordingly, "under the mootness doctrine, if an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party," dismissal is the appropriate remedy. *Id.* (quotation omitted).

#### B. No Live Controversy Exists in this Case

The Court agrees with Defendant that, on the record before the Court, there is no live controversy in this case. First, Plaintiffs have voluntarily dismissed their claims for a refund based on tax credits generated in the tax years ending September 30, 2002, and September 30, 2003, which are the only claims set forth in the First Amended Complaint (the operative pleading in this matter).[5] Second, Plaintiffs cannot now assert a claim for a

---

[5] Even had Plaintiffs not sought voluntary dismissal of these claims, they submitted a proposed amended pleading that did not contain them, which constituted abandonment

refund based on a carryback credit from the 2004 tax year, for all the reasons discussed above. Accordingly, there is nothing left in this matter for the Court (or a jury) to decide, and the action must be dismissed. *See Riordan v. Nationwide Mut. Fire Ins. Co.*, 984 F.2d 69, 70 (2d Cir. 1993) (explaining that a case becomes moot when the issues presented are no longer live, and finding mootness where the defendant "tendered, and the plaintiffs accepted, the full amount of the judgment, plus interest, costs and disbursements").

## **CONCLUSION**

For the foregoing reasons, the Court denies as moot Plaintiffs' objections to the Motion to Compel D&O (Dkt. 122), grants in part and denies in part Plaintiffs' motion for voluntary partial dismissal (Dkt. 131), denies Plaintiffs' motion for leave to file a second amended complaint (Dkt. 135), denies as moot Plaintiffs' motion for leave to file a motion for summary judgment (Dkt. 136), and grants Defendant's motion to dismiss for lack of jurisdiction (Dkt. 140). The Clerk of Court is instructed to enter judgment and close the case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

DATED: September 19, 2019
Rochester, New York

---

thereof. *See Elliott v. City of Hartford,* 649 F. App'x 31, 32 (2d Cir. 2016) (where a party is represented by counsel, "it makes perfect sense to hold that a party who seeks to file an amended pleading that omits a claim intends to abandon the claim, irrespective of whether the amended pleading is permitted by the court" (quotation omitted)).